FILED
2016 Jun-30  PM 04:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHWESTERN DIVISION

**ADOLFO RUIZ,**

     **PLAINTIFF,**

                                    **CIVIL ACTION NO:**

**V.**

**BEST BUY STORES, L.P.,**

     **DEFENDANT.**                         **JURY TRIAL REQUESTED**

## COMPLAINT

**I.**     **JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Equal Pay Act of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, 206, *et seq.* District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. This is a suit authorized and instituted pursuant to Title VII of the "Civil Rights Act of 1964" as amended, and pursuant to 42 U.S.C. § 1981. The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights secured by the FLSA, the Equal Pay Act (EPA), Title VII and 42 U.S.C. § 1981.

2. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. Plaintiff timely filed his charge of discrimination with the Equal Employment Opportunity Commission within 180 days of the last

discriminatory act (Exhibit A).  Plaintiff further filed his suit within ninety (90) days after receipt of his right-to-sue letter issued by the EEOC regarding Defendant (Exhibit B).

## II.     PARTIES

3.     Plaintiff, Adolfo Ruiz, (hereinafter "Plaintiff") is a citizen of the United States and a resident of Russellville, Franklin County, Alabama.

4.     Defendant, BEST BUY STORES, L.P. (hereinafter "Defendant"), employed over 15 people for 20 or more calendar weeks during the years complained of herein and is an entity subject to suit under Title VII.  Defendant is subject to service of process in Alabama.  Therefore, this Court has personal jurisdiction over Defendant.  Defendant employs at least 15 individuals.

## III.    STATEMENT OF FACTS

5.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 4 above with the same force and effect as if fully set forth herein.

6.     Plaintiff is a Hispanic male of Cuban descent.

7.     Defendant hired Plaintiff on or about May 30, 1999.

8.     Defendant terminated Plaintiff's employment on May 16, 2015.

9.     Plaintiff held various positions with Defendant, with the last being General Manager of Defendant's retail store located on Cox Creek Parkway in Florence, Alabama.

10.   As General Manager, Plaintiff's job duties included being in charge of the overall operation of the retail store.

11.   Throughout Plaintiff's employment, Defendant rendered to Plaintiff favorable performance evaluations, promotions and raises.

12.   Plaintiff's last supervisor was Paul Oberhaus, District Manager.

13.   At the time of Plaintiff's termination of employment, Oberhaus supervised twelve of Defendant's stores.

14.   Of the twelve supervised by Oberhaus, the racial make-up of the general managers consisted of nine whites, two blacks and one Hispanic (Plaintiff)

15.   Plaintiff's previous District Manager was Calvin Johnson.

16.   During Plaintiff's last evaluation session with Johnson, Plaintiff asked Johnson to examine Plaintiff's pay history and to consider an increase in pay.

17.   Johnson did as Plaintiff asked and reported back to Plaintiff that he was the lowest paid general manager in the district.

18.   Johnson further stated to Plaintiff that Defendant had placed "a freeze" and would not approve any merit raises.

19.   In late May 2014, Oberhaus replaced Johnson

20.   In September 2014, after becoming Plaintiff's District Manager, Oberhaus recruited Assistant Store Manager, Tarah Pounders (white, female) to work in Plaintiff's store.  While Plaintiff was involved in the interview process,

Oberhaus told Plaintiff that Plaintiff had to hire her even though Plaintiff did not want Pounders.

21.   Pounders was hired at a higher annual salary as assistant manager than the salary that Defendant paid to Plaintiff for the position of general manager.

22.   Plaintiff was at a higher grade level than was Pounders' base, but Defendant paid Plaintiff less than Pounders.

23.   When Plaintiff learned what Defendant paid Pounders, he complained to Oberhaus, and to District HR Manager, Tabitha Livingston.

24.   Defendant took no corrective action in regard to Plaintiff's pay as Defendant did not increase Plaintiff's salary.

25.   On February 10, 2015, Oberhaus placed Plaintiff on a Performance Improvement Plan because of the failure of the store to meet financial goals.

26.   Plaintiff sent in weekly emails showing that his store's financial metrics were improving.

27.   Plaintiff showed increases in his store's financial metrics for nine straight months.

28.   Defendant paid Plaintiff a bonus in 2016 because his store's financial metrics met the goals set for the store.

29.   On February 10, 2015, Oberhaus issued Plaintiff a final written warning even though Plaintiff had never received any prior disciplinary actions

regarding the issues that were identified in the final warning.

30.   On February 10, 2015, the warning involved the round table feedback by employees.

31.   Plaintiff worked hard on improving in the area of the round table evaluations while working towards meeting the goals of meeting the financial metrics, but despite meeting these goals, Oberhaus terminated Plaintiff's employment on May 16, 2015.

32.    Defendant then replaced Plaintiff by putting Pounders in the General Manager position.

33.   Pounder is a white female and not of Cuban descent.

34.   While Plaintiff was on the PIP between February and May 2015, he complained to Oberhaus and Livingston about Pounders.

35.   After Oberhaus hired Pounders, she told Neil Clark, an employee at the Florence store, that she did not come to work for Defendant to be an assistant.

36.   When Clark told Plaintiff what Pounders had said, Plaintiff questioned Oberhaus about why he wanted Pounders to have the Assistant Manager's job.

37.   Plaintiff also complained to Oberhaus and to Livingston that (1) Pounders was not doing her job; (2) that she was not following Defendant's policies; (3) she was not conducting the weekly performance check-ins in a timely basis; (4) she changed schedules without notice or approval; (5) she left early

without telling anyone; (6) she would not key in her time for vacation, which effectively stole from the company.

38.   Plaintiff reported Pounders misconduct and poor performance to Defendant's upper management; however, Defendant took no action to remedy Pounder's misconduct or poor performance.

## IV.   COUNT ONE – Title VII – Gender Pay Claim

39.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 above with the same full force and effect as if set forth fully herein.

40.   Defendant paid Plaintiff less as general manager than similarly situated female managers working throughout the district managed first by Johnson and then by Oberhaus including Elaine Weaver.

41.   Defendant was substantially motivated by Plaintiff's gender, male, in paying Plaintiff less for the performance of virtually identical job functions as those of female managers in violation of Title VII.

42.   As a result of Defendant's violation of Title VII, Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

## V.   COUNT TWO – Fair Labor Standards Act: Equal Pay Claim

43.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42 above with the same full force and effect as if set forth fully herein.

44.   Defendant paid Plaintiff less as general manager than similarly situated

female managers working throughout the district managed first by Johnson and then by Oberhaus including Elaine Weaver.

45.    Defendant paid Plaintiff a male, less for the performance of virtually identical job functions as those of female managers in violation of the Equal Pay Act.

46.    As a result of Defendant's violation of Equal Pay Act, Plaintiff has been damaged suffering loss of pay and benefits.

## VI.    COUNT THREE – TITLE VII – Race and National Origin Discrimination

47.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 above with the same full force and effect as if set forth fully herein.

48.    Defendant paid Plaintiff less as general manager than similarly situated managers working throughout the district managed first by Johnson and then by Oberhaus as none of the other eleven general managers were of the same race and national origin as Plaintiff, Hispanic from Cuba.

49.    Defendant was substantially motivated by Plaintiff's race and national origin, Hispanic from Cuba, in paying Plaintiff less for the performance of virtually identical job functions as those of all other managers in violation of Title VII.

50.    As a result of Defendant's violation of Title VII, Plaintiff has been

damaged suffering loss of pay, benefits, and mental anguish.

## VII.    COUNT FOUR - § 1981 – Race Pay Claim

51.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 50 above with the same full force and effect as if set forth fully herein.

52.    Defendant paid Plaintiff less as general manager than similarly situated managers working throughout the district managed first by Johnson and then by Oberhaus as none of the other eleven general managers were of the same race as Plaintiff, Hispanic.

53.    Defendant was substantially motivated by Plaintiff's race, Hispanic, in paying Plaintiff less for the performance of virtually identical job functions as those of the other managers in violation of § 1981.

54.    As a result of Defendant's violation of § 1981, Plaintiff has been damaged, suffering loss of pay, benefits and mental anguish.

## VIII.    COUNT FIVE – TITLE VII – Gender Termination Claim

55.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54 above with the same full force and effect as if set forth fully herein.

56.    Plaintiff is a Hispanic male of Cuban descent.

57.    Defendant hired Plaintiff on or about May 30, 1999.

58.    Defendant terminated Plaintiff's employment on May 16, 2015.

59.    Following Plaintiff's termination of employment, Defendant placed

Tarah Pounders in Plaintiff's former position.

60.    Defendant placed Elaine Weaver, General Manager of Tuscaloosa Store Number 1540, on a Performance Improvement Plan.

61.    Weaver's store was constantly underperforming, yet Defendant terminated Plaintiff's employment, but did not terminate Weaver.

62.    As Assistant Manager, Pounders had lower round table scores, plus numerous infractions of Defendant's policies and procedures, including stealing time, failure to comply with policies, changing schedules, and leaving early without permission, yet Defendant did not discipline Pounders for this conduct and poor performance, and instead promoted Pounders to assume Plaintiff's position after Plaintiff was terminated. .

63.    In violation of Title VII, Defendant was substantially motivated by Plainitff's gender, male, in terminating Plaintiff's employment for nearly identical reasons that resulted in female general managers retaining their employment or otherwise being promoted.

64.    As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits and mental anguish.

## IX.   COUNT SIX – TITLE VII -- Race/National Origin Termination Claim.

65.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 64 above with the same full force and effect as if set forth fully herein.

9

66.   Plaintiff is a Hispanic male of Cuban descent.

67.   Defendant hired Plaintiff on or about May 30, 1999.

68.   Defendant terminated Plaintiff's employment on May 16, 2015.

69.   Following Plaintiff's termination of employment, Defendant placed a white female, not of Cuban descent, Tarah Pounders, in Plaintiff's former position.

70.   Defendant placed Elaine Weaver, General Manager of Tuscaloosa Store Number 1540, on a Performance Improvement Plan.

71.   Weaver's store was constantly underperforming, yet Defendant terminated Plaintiff's employment, but did not terminate Weaver.

72.   As Assistant Manager, Pounders had lower round table scores, plus numerous infractions of Defendant's policies and procedures, including stealing time, failure to comply with policies, changing schedules, and leaving early without permission, yet Defendant did not discipline Pounders for this conduct and poor performance, and instead promoted Pounders to assume Plaintiff's position after Plaintiff was terminated. .

73.   In violation of Title VII, Defendant was substantially motivated by Plainitff's race, Hispanic, and/or national origin, Cuban, in terminating Plaintiff's employment for nearly identical reasons that resulted in non-Hispanic general managers retaining their employment or otherwise being promoted.

74.   As a result of Defendant's violation of Title VII, Plaintiff has been

damaged, suffering loss of pay, benefits and mental anguish.

## X.   COUNT SEVEN - § 1981 – Termination Claim

75.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 74 above with the same full force and effect as if set forth fully herein.

76.   Plaintiff is a Hispanic male of Cuban descent.

77.   Defendant hired Plaintiff on or about May 30, 1999.

78.   Defendant terminated Plaintiff's employment on May 16, 2015.

79.   Following Plaintiff's termination of employment, Defendant placed a white female, not of Cuban descent, Tarah Pounders, in Plaintiff's former position.

80.   Defendant placed Elaine Weaver, General Manager of Tuscaloosa Store Number 1540, on a Performance Improvement Plan.

81.   Weaver's store was constantly underperforming, yet Defendant terminated Plaintiff's employment, but did not terminate Weaver.

82.   As Assistant Manager, Pounders had lower round table scores, plus numerous infractions of Defendant's policies and procedures, including stealing time, failure to comply with policies, changing schedules, and leaving early without permission, yet Defendant did not discipline Pounders for this conduct and poor performance, and instead promoted Pounders to assume Plaintiff's position after Plaintiff was terminated. .

83.   In violation of § 1981, Defendant was substantially motivated by

Plainitff's race, Hispanic, and national origin, Cuban, in terminating Plaintiff's employment for nearly identical reasons that resulted in non-Hispanic general managers retaining their employment or otherwise being promoted.

84.   As a result of Defendant's violation of § 1981, Plaintiff has been damaged, suffering loss of pay, benefits and mental anguish.

## XI.   COUNT EIGHT – Title VII – Retaliation Claim

85.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 84 above with the same full force and effect as if set forth fully herein.

86.   Plaintiff complained to both Oberhaus and Livingston that he was being paid less than the other general managers, all of whom were a different race than Plaintiff, of stores that Oberhaus supervised.

87.   Plaintiff complained first to Johnson, and then to Oberhaus, and then to Livingston, with Defendant taking no corrective action as evidence by Defendant never raising Plaintiff's pay to being even equal to the lowest paid of the other general managers under Oberhaus.

88.   In retaliation for Plaintiff's complaints of pay disparity based on race/national origin, Defendant terminated Plaintiff's employment in violation of Title VII.

89.   Elaine Weaver, who did not complain about pay race disparity was placed on a Performance Improvement Plan for her underperforming store and

where Defendant terminated Plaintiff's employment, Defendant did not terminate Weaver's employment.

90.    Defendant's actions in terminating Plaintiff in retaliation for his complaints of pay disparity because of race, national origin and gender violated Title VII causing Plaintiff loss of pay, benefits and mental anguish.

**XII.    COUNT NINE – § 1981 – Retaliation Claim**

91.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 90 above with the same full force and effect as if set forth fully herein.

92.    Plaintiff complained to both Oberhaus and Livingston that he was being paid less than the other general managers, all of whom were a different race than Plaintiff, of stores that Oberhaus supervised.

93.    Plaintiff complained first to Johnson, and then to Oberhaus, and then to Livingston, with Defendant taking no corrective action as evidence by Defendant never raising Plaintiff's pay to being even equal to the lowest paid of the other general managers under Oberhaus.

94.    In retaliation for Plaintiff's complaints of pay disparity based on race/national origin, Defendant terminated Plaintiff's employment in violation of § 1981.

95.    Elaine Weaver, who did not complain about pay race disparity was placed on a Performance Improvement Plan for her underperforming store and

where Defendant terminated Plaintiff's employment, Defendant did not terminate Weaver's employment.

96.    Defendant's actions in terminating Plaintiff in retaliation for his complaints of pay disparity because of race violated § 1981 causing Plaintiff loss of pay, benefits and mental anguish.

97.    Defendant's actions in terminating Plaintiff in retaliation for his complaints of pay disparity because of race violated § 1981 causing Plaintiff loss of pay, benefits and mental anguish.

## XIII.    PRAYER FOR RELIEF:

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A.    Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff as secured by Title VII, § 1981, and the Equal Pay Act.

B.    Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant from continuing to violate Title VII and § 1981.

C.    Enter an Order requiring Defendant to make Plaintiff whole by awarding him front-pay, back pay (plus interest), liquidated damages,

compensatory damages, punitive damages, nominal damages, special damages, and, injunctive and declaratory relief, and benefits of employment.

D.     Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

_____
DAVID R. ARENDALL

_____
ALLEN D. ARNOLD

OF COUNSEL:
ARENDALL & ARNOLD
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
205.252.1550 – Office;
205.252.1556 – Facsimile

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

**DEFENDANT'S ADDRESS:**

Best Buy Stores, L.P.
c/o Agent for Service of Process
C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104